IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terry S. King, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 9:05-1774-PMD-RSC |
| v. ) | |
| ) | **ORDER** |
| Marriott International, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon Defendant's appeal of United States Magistrate Judge Robert S. Carr's Order, which granted Plaintiff's motion to amend his complaint. For the reasons set forth herein, the court vacates Judge Carr's Order and remands the matter for reconsideration of the matter consistent with this Order.

**BACKGROUND**

Plaintiff Terry S. King ("King") filed his complaint against Defendant Marriott International, Inc. ("Marriott") on June 21, 2005. In his complaint, Plaintiff asserts a claim for retaliation under the Age Discrimination in Employment Act ("ADEA") and state law causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract accompanied by a fraudulent act. On August 17, 2005, the court filed a scheduling order which provides that motions to amend the pleadings shall be filed no later than October 17, 2005. In February of 2006, the parties filed a joint motion to amend several deadlines in the scheduling order; however, this joint motion did not seek extension of the time to amend the pleadings.

Thereafter, on April 14, 2006, approximately three weeks before the close of discovery, Plaintiff King filed a motion to amend his complaint to include an age discrimination claim. In his motion, Plaintiff states that he alleged both retaliation and age-based discrimination in his original

administrative claims with the EEOC, but that his current counsel did not represent him at the EEOC stage, and therefore, his current counsel did not become aware of his age discrimination allegations until his deposition, which took place on March 31, 2006.[1]

On May 1, 2006, Defendant Marriott filed a response in opposition to Plaintiff's motion to amend. In its response, Marriott asserts that Plaintiff's motion to amend is untimely under the scheduling order and that such motion should be denied on the grounds of undue delay and/or undue prejudice. Magistrate Judge Carr held a hearing on the motion on May 18, 2006, and on May 31, 2006, Judge Carr filed an Order granting Plaintiff's motion to amend. In his Order, Judge Carr focuses *only* on Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In his Order, Judge Carr points out that "there has been substantial delay" and that "the prejudice to the defendant is not slight." (Order at 2,3.) However, after weighing these factors, Judge Carr ultimately states: "A failure to grant the motion would result in denying the plaintiff an opportunity to test his claim on the merits, and in light of underlying facts and circumstances that indicate that he may have a claim which is proper for relief, justice requires the amendment be allowed." (Order at 3.) (citing Fed. R. Civ. P. 15).

On June 12, 2006, Defendant Marriott filed an appeal from Judge Carr's Order granting Plaintiff's motion to amend. In its appeal, Defendant asserts that it was an abuse of discretion for Judge Carr to grant Plaintiff's motion. Plaintiff has filed a response to Defendant's appeal, and

---

[1] However, in its response in opposition to Plaintiff's motion, Defendant points out that this statement is demonstrably false because the original complaint, filed on June 21, 2005, includes a statement that "plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon age and retaliation for opposing age discrimination . . . ."

2

Defendant has filed a reply.

## **ANALYSIS**

Generally, motions to amend a pleading are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  However, when a scheduling order has been entered, as is the present case, Rule 16(b), which governs modification to a scheduling order, is first implicated.[2]  *See, e.g., O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004) (noting that "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely given' standard, governs motions to amend filed after scheduling order deadlines.").  Thus, when granting a motion to amend would require modifying a district court's scheduling order, Rule 16(b) of the Federal Rules of Civil Procedure requires that the movant first show "good cause."  *See Vercon Construction, Inc. v. Highland Mortgage Co.*, 2006 WL 1747115, *1 (4th Cir. June 20, 2006) (unpublished) ("Ordinarily, leave to amend is to be 'freely given when justice so requires.'  However, when granting leave to amend, as was the case here, would require modifying the district court's scheduling order, Federal Rule of Civil Procedure 16(b) requires that the movant must first show good cause.") (internal citations omitted).  Accordingly, "Plaintiff first must satisfy the good cause standard of Rule 16(b) and, if successful, then must pass the tests for amendment under Rule 15(a)."  *CompUSA v. IBM Corp.*, 2004 WL 1459272, *2 (D.Md. June 29, 2004) (unpublished) (citing *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D.Md. 2002)); *see also DilmarOil Co., Inc. v. Federated Mut. Ins. Co*, 986 F. Supp. 959, 980 (D.S.C. 1997) ("Once a scheduling order's deadline for amendment of pleadings has passed, a movant must ***first*** demonstrate to the court that it has a 'good cause' for seeking

---

[2] Rule 16(b) states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b).

modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s 'good cause' standard, it must *then* pass the requirements for amendment under Rule 15(a).") (emphasis in original).

The "good cause" standard in Rule 16(b) differs from the more lenient standard set forth in Rule 15(a). *See Dilmar Oil Co.*, 986 F.Supp. at 980. As the court stated in *Dilmar Oil Co*.:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Id.* (internal citations omitted).

In contrast, Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court stated in *Foman v. Davis*, "[i]n the absence of any apparent declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.' " 371 U.S. 178, 182 (1962). Thus, the decision to grant a party leave to amend is within the sound discretion of the trial court, but "that discretion is limited by the interpretation given Rule 15(a) in [*Foman v. Davis,* 371 U.S. 178 (1962)] 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.' " *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). In exercising its discretion, "the court should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend.' " *Id.* (citation omitted). Mere delay unaccompanied by prejudice, bad faith, or futility in moving to amend is not

4

a sufficient reason to deny leave to amend. *Id*.

In the present case, the Magistrate Judge acknowledged in his Order that the scheduling order authorized motions to amend through October of 2005, but that Plaintiff did not file his motion to amend until almost six months later, on April 13, 2006. However, even though the Magistrate Judge acknowledged the untimeliness of Plaintiff's motion under the scheduling order, the Magistrate Judge failed to apply the proper standard in evaluating Plaintiff's motion. Simply stated, the Magistrate Judge considered *only* whether Plaintiff's motion satisfies Rule 15(a); the Magistrate Judge failed to perform the proper two-step analysis, which requires the Magistrate Judge *first* to consider whether Plaintiff's motion satisfies Rule 16(b), and if so, *then* whether Plaintiff's motion satisfies Rule 15(a).[3]

Pursuant to Federal Rule 72(a), only if the Magistrate Judge's decision is "clearly erroneous or contrary to law" may the court modify or set aside any portion of the Magistrate Judge's Order. Fed. R. Civ. Pro 72(a). *See* 28 U.S.C. §636(b)(1)(A).[4] "An order is clearly erroneous when the

---

[3] Plaintiff argues that "Marriott's principal argument on appeal, that plaintiff failed to show 'good cause' under Rule 16(b), is barred because the argument was not presented to the Magistrate Judge." (Pl.'s Response at 2, n. 2.) However, the issue of Rule 16(b) involves not only a legal argument that Defendant could have presented, but also and more importantly, it involves the proper legal standard for the court to apply in evaluating a motion to amend filed after the scheduling order's deadline for amendment. Therefore, the court disagrees with Plaintiff that this argument has been waived. Rather, the court finds that the Magistrate Judge's failure to apply the proper legal standard renders his Order "contrary to law," and because it is the court's duty to apply the proper legal standards to all pending motions, such legal error has not been "waived."

[4] Rule 72(a) of the Federal Rules of Civil Procedure provides in pertinent part:

A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of

5

reviewing court is left with the definite and firm conviction that a mistake has been committed," and "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Corp.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000) (citations omitted).

Here, because the Magistrate Judge failed to apply the proper legal standard in evaluating Plaintiff's motion to amend, the court finds the Magistrate Judge's Order contrary to law. Accordingly, the court sets aside the Magistrate Judge's Order in whole and remands the matter to the Magistrate Judge for a new evaluation of Plaintiff's motion under the proper two-step analysis, as set forth in this Order. Specifically, the Magistrate Judge is to consider *first* whether Plaintiff's motion satisfies the good cause standard of Rule 16(b) and if so, *then* whether Plaintiff's motion passes the tests for amendment under Rule 15(a).[5]

---

the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

[5] The court expresses no opinion as to Plaintiff's likelihood of success pursuant to the proper two-step analysis.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Judge Carr's May 31, 2006 Order is hereby **VACATED**, and the matter is **REMANDED** to Judge Carr for reconsideration consistent with this Order.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 26, 2006**